COPY

# IN THE SUPERIOR COURT
# OF GUAM

PEOPLE OF GUAM,                     )        Criminal Case no. CM0380-09
                                    )
                                    )
            v.                      )
                                    )        **DECISION AND ORDER**
                                    )        re: Motion to Dismiss
KARSON K HARPER,                    )
                                    )
                                    )
                  Defendant.        )

## INTRODUCTION

This matter came before the Honorable Judge Michael J. Bordallo on January 3, 2012. The People were represented by Assistant Attorney General James C. Collins. The Defendant was represented by Assistant Public Defender Suresh Sampath. After considering the matter presented, the court now issues the following decision and order denying the Defendant's motion to dismiss because the People have shown good cause for the delay in the arraignment of the Defendant.

## BACKGROUND

On May 11, 2009, a complaint was filed which charged the Defendant with Driving Under the Influence of Alcohol (as a Misdemeanor) and Driving Under the Influence of Alcohol (B.A.C.) (as a Misdemeanor). On October 11, 2011, Defendant filed a motion to dismiss the complaint arguing that he was not promptly arraigned.

## DISCUSSION

Under Guam law, a "defendant shall be arraigned promptly after the indictment or information is filed or after the complaint is filed where prosecution by complaint is required by § 1.15." 8 GCA § 60.10(a). Furthermore, the Supreme Court of Guam held, "unless good

ORIGINAL

cause is shown, a complaint shall be dismissed where a defendant is not promptly arraigned within 60 days of the filing of the complaint." *People v. Rasauo*, 2011 Guam 14 ¶ 14. The Court also held that the "standard continues to require a case by case analysis of whether or not the "specific circumstances" of any given case show good cause for delay beyond the 60 day period normally required to comply with the law." *Id.*

As mentioned above, Defendant argues the complaint should be dismissed because the Defendant was arraigned approximately two years after the complaint was filed. Defendant also argues that there is no showing of "good cause" for the delay. On the other hand, the People argue there was "good cause" for the delay for the following reasons: (1) the People retain no control over the court's decision about when to calendar the date on which a defendant is to return to court; (2) the Defendant failed to appear on numerous occasions; and (3) the Defendant needed to consult with his attorney.

The complaint in this case was filed on May 11, 2009, and the Defendant was arraigned on August 10, 2011. The delay from the time the complaint was filed and the date of arraignment was approximately 27 months. The court notes however that delay in arraignment was caused by all of the reasons mentioned above by the People. The court finds these reasons to be "good cause" for the delay because unlike *Rasauo*, 2011 Guam 14 ¶ 14, where the People did not take the voluntary step of requesting or filing a summons with court, the People requested a summons the same time the complaint was filed in the instant case. The initial summons stated that Defendant was to appear on July 29, 2009. Subsequently, the Defendant was summoned three more times stating that Defendant was to appear on September 9, 2009, October 21, 2009, and December 16, 2009. A warrant was issued on December 16, 2009 and

ORIGINAL

was not executed until July 12, 2011. Due to the Defendant's failure to appear, the Defendant was not arraigned until August 10, 2011.

The court finds that the primary reason for the delay in the Defendant's arraignment was his failure to appear in court. Thus, the court finds "good cause" for the delay where the defendant fails to appear and cannot reasonably be located for further criminal proceedings. See, e.g., *People v. Miller*, 403 NYS 2d 110 (NYAD 1978).

## CONCLUSION

Based on the foregoing, the court finds that the People have shown good cause for the delay of the Defendant's arraignment. Thus, the Defendant's motion to dismiss is DENIED.

SO ORDERED, this 30 day of March 2012.


HONORABLE MICHAEL J. BORDALLO
Judge, Superior Court of Guam

I do hereby certify the foregoing to be a full, true and correct copy of the original on file in the office of the clerk of the Superior Court of Guam. Dated at Hagåtña, Guam.

Clerk

James L. Borja
Deputy Clerk, Superior Court of Guam

ORIGINAL

